**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JASON ANTHONY ORGERON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-942** |
| **WARDEN KEITH TURNER, ET AL.** | **SECTION: "D" (4)** |

## ORDER AND REASONS

Before the Court is a Motion to Reconsider Order Dismissing Petitioner's Habeas Corpus Petition, filed by Plaintiff Jason Anthony Orgeron ("Orgeron").[1] Also before the Court is a Request for Certificate of Appealability, filed by Orgeron.[2]

After careful consideration of the memoranda, the record, and the applicable law, the Court **DENIES** both the Motion to Reconsider and the Request for Certificate of Appealability.[3]

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Orgeron petitioned the Court for a Writ of Habeas Corpus on May 12, 2025.[4] Pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing § 2254 Cases, the Court referred this matter to the Magistrate Judge for a Report and Recommendation and to conduct hearings, including an evidentiary hearing, if necessary.[5] In her Report and Recommendation issued March 23, 2026 (the "R&R"), the Magistrate Judge determined that no hearing was necessary and

---

[1] R. Doc. 19.
[2] R. Doc. 20.
[3] "The filings of a pro se litigant are to be liberally construed . . . ." *See Tucker v. Gaddis*, 40 F.4th 289, 292 (5th Cir. 2022)(citation modified). Thus, because Orgeron is an incarcerated *pro se* litigant, the Court liberally construes Orgeron's filings.
[4] R. Doc. 3.
[5] R. Doc. 14.

recommended denying Orgeron's petition with prejudice.[6] Objections to the R&R were due April 6, 2026.[7]

On April 21, 2026, the Court, having determined that the R&R was not clearly erroneous or contrary to the law, and having received no objections to the R&R, issued an Order adopting the R&R and entered a judgment dismissing Orgeron's petition with prejudice.[8]

On April 27, 2026, the Court received Plaintiff's objections to the R&R.[9] Also on April 27, 2026, the Court received Orgeron's Motion to Reconsider Order Dismissing Petitioner's Habeas Corpus Petition.[10] In his Motion, Orgeron provides the following statements:

> 3. On April 8, 2026, at a legal mail callout, Mr. Orgeron was served with a copy of the report and recommendation.
>
> 4. The report provided a due date of 14 days from receipt in which to provide an objection to Magistrate's Report and Recommendation. That due date would be April 22, 2026.
>
> 5. On April 22, 2026, I saw a ruling on Westlaw 2026 WL1080047, which provided a final order and reasons by Judge Wendy B. Vitter that stated that I failed to object to the Magistrate Report. According to the Westlaw Slip Copy, Judge Vitter's Order is dated April 21, 2026.
>
> 6. Mr. Orgeron filed an objection to the Magistrate's Report and Recommendation on Friday April 17, 2026 by placing same in the U.S. Mail Box at Elayn Hunt Correctional Center. This likely means that the mail was picked up by Elayn Hunt personnel on Monday April 20, 2026.
>
> 7. Regardless of the time picked up by EHCC personnel, Mr. Orgeron timely filed his objection to the magistrate's report under the mailbox

---

[6] *Id.*

[7] *Id.*

[8] R. Docs. 15, 16.

[9] R. Doc. 18. Also on April 27, 2026, the Court denied a certificate of appealability. *See* R. Doc. 17.

[10] R. Doc. 19.

rule, which holds that a pro se prisoner's mailings are deemed filed at the moment of delivery to prison authorities, or placing in the prison mailbox. See, *Houston v. Lack*, 487 U.S. 108 (1988).

8. Under the mailbox rule, Mr. Orgeron states that he should be afforded an April 17, 2026 filing date, making the filing timely.[11]

Accordingly, Orgeron asks the Court to "reconsider his habeas corpus in light of his timely filed objection to the magistrate's report and recommendation."[12] On May 1, 2026, the Court received Orgeron's Request for Certificate of Appealability, in which he asks the Court to issue a Certificate of Appealability on the following issues:

1) Whether the District Court erred in dismissing Mr. Orgeron's Habeas Corpus when he was not presented with the evidence of the crime (firearms) that were used to convict him because they were destroyed on the same day as Mr. Orgeron was arrested.

2) Whether the Trombetta standard requires a finding of bad faith or whether the exculpatory evidence that was destroyed in this case was "potentially useful."

3) Whether the District Court erred in finding Petitioner's counsel rendered effective assistance in a case where the physical evidence was destroyed, and Mr. Orgeron's counsel failed to impeach the star witness with a prior inconsistent statement.

4) Whether the District Court erred in finding Petitioner was not denied due process of law.[13]

The Court did not order the Defendant to file any response memoranda to Orgeron's above requests.

---

[11] *Id.* at pp. 1–2.
[12] *Id.* at p. 2.
[13] R. Doc. 20 at p. 1.

## II.    LEGAL STANDARD

"A motion asking that the court reconsider a prior ruling is evaluated either as a motion to 'alter or amend a judgment' under Federal Rule of Civil Procedure 59(e) or as a motion for 'relief from a final judgment, order or proceeding' under Federal Rule of Civil Procedure 60(b)."[14] "If the motion was filed within twenty-eight days after the entry of the judgment or order at issue, the motion can be brought under Rule 59(e)."[15] If the motion is filed after twenty-eights days, however, the motion "falls under Rule 60(b)."[16] Here, Orgeron's Motion to Reconsider was filed on April 25, 2026, less than twenty-eight days after the Court's April 21, 2026 Order adopting the R&R.[17] Accordingly, the Court evaluates Orgeron's Motion to Reconsider under Rule 59(e).[18]

A Rule 59(e) motion to alter or amend a judgment "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[19]    A district court has "considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration under" Rule 59(e).[20]  The Court is mindful that, "[r]econsideration of a judgment after its entry is

---

[14] *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, No. 07-1873, 2011 WL 6130788, at *3 (E.D. La. Dec. 7, 2011)(Engelhardt, J.).

[15] *Id.*

[16] *Id.*

[17] *See* R. Docs. 15, 19.

[18] *See Texas A&M Research Foundation v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003)("Here, the motion was filed seven days after the entry of the initial order, so we [] treat it as a motion to alter or amend under [R]ule 59(e).").

[19] *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).

[20] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990), *abrogated on other grounds by, Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994).

an extraordinary remedy that should be used sparingly."[21]  "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[22]

"A moving party must satisfy at least one of the following four criteria to prevail on a Rule 59(e) motion: (1) the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the movant presents new evidence; (3) the motion is necessary in order to prevent manifest injustice; and, (4) the motion is justified by an intervening change in the controlling law."[23]

## III.    ANALYSIS

Orgeron asks the Court to reconsider its prior Order and Reasons adopting the R&R and dismissing his petition for habeas corpus with prejudice. For the reasons set forth below, the Court declines to do so.

After a magistrate judge issues a report and recommendation, "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."[24] If a party timely files such objections, "the court shall make a de novo

---

[21] *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

[22] *Id.* (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

[23] *Jupiter v. BellSouth Telecomms., Inc.*, Civ. A. No. 99-0628, 1999 WL 796218, at *1 (E.D. La. Oct. 5, 1999) (Vance, J.)) (internal quotation marks omitted); *accord Castrillo v. American Home Mortg. Servicing, Inc.*, Civ. A. No. 09-4369, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010) (Vance, J.) (citing authority).

[24] 28 U.S.C. § 636(b); *see also* Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").

determination of those portions of the report or specified proposed findings or recommendations to which objection is made."[25] Alternatively:

> A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within [14] days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[26]

Here, Orgeron asserts that he did not physically receive the R&R until a "legal mail callout[]" at Elayn Hunt Correctional Center on April 8, 2026.[27] Orgeron argues that he had fourteen days from his physical receipt of the R&R, or until April 22, 2026, to timely file objections to the R&R.[28] Accordingly, Orgeron submits that he timely filed his objections to the R&R pursuant to the prisoner mailbox rule, as he placed his objection to the R&R in the U.S. Mail on April 17, 2026. The Court determines that Plaintiff's objections to the R&R are untimely.

Another Section of this Court has faced an identical issue in *Boudreaux v. Tanner*.[29] As aptly explained by the Court in *Boudreaux*:

> In *Walker v. Savers*, the Fifth Circuit stated that a prisoner had fourteen days to file objections after *entry* of the magistrate judge's report and recommendation. In that case, the magistrate judge's report and recommendation was entered into the record on March 8 and the petitioner's objections were placed into the prison's mail system on March 22. The envelope containing the objections was postmarked March 26, but the Fifth Circuit found that if they were mailed on March 22, then they were timely filed and served. This suggests that the date

---

[25] 28 U.S.C. § 636(b).
[26] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).
[27] R. Doc. 19 at p. 1.
[28] *Id.*
[29] *Boudreaux v. Tanner*, Civil Action No. 16-2384, 2017 WL 175778, at * 3 (E.D. La. Jan. 17, 2017)(Lemelle, J.).

on which the court was to start counting was March 8 (the date the report and recommendation was entered into the record, not necessarily the date that the prisoner received a copy)

. . . .

This rule, while seemingly difficult for pro se prisoners, makes practical sense. If a district court were required to give parties fourteen days from their receipt of a magistrate judge's report and recommendation, it could be waiting indefinitely. There is no way for the court to know when a party physically receives a copy of his or her mail. If a particularly cautious court waited six months after a report and recommendation was filed to issue an order adopting it, only to be faced with objections filed two years later by a pro se prisoner who claimed that he received a copy of the report a mere week before he filed his objections, would the court have to vacate its earlier order? Such a rule would cause excessive delays.[30]

Applying the above rationale,[31] Orgeron had until April 6, 2026 to file objections to the R&R issued on March 23, 2026. Even applying the mailbox rule,[32] Orgeron did not file his objections to the R&R until April 17, 2026 – eleven days after the deadline expired.[33] Notably, Orgeron's objections are also untimely under Fed. R. Civ. P. 6(d), which provides that when a party must act within a specified time after being served via mail, "3 days are added after the period would otherwise expire . . . ."[34] Thus, if

---

[30] *Id.* (citation modified).

[31] *See Johnson v. Director, TDCJ-CID*, Civil Action No. 3:21-CV-2926-X-BN, 2025 WL 1798934, at *2 (N.D. Tex. June 26, 2025)("Courts in this circuit find that a prisoner litigant is 'served' with a copy of the [R&R] under 28 U.S.C. § 636(b) when the [R&R] is filed into the record and mailed to the prisoner—not when he or she receives a copy of it. Indeed, this adheres to Federal Rule of Civil Procedure 5, which provides that service by mail—the method generally used to serve prisoners—is complete upon mailing.").

[32] "Under the prisoner mailbox rule, a motion filed by an incarcerated person is timely if it is deposited in the prison mail system 'on or before the last day for filing.'" *Smith v. Vannoy*, Civil Docket No. 20-2835, 2022 WL 2070405, at *1 (E.D. La. Apr. 1, 2022)(Barbier, J.)(quoting *Huskey v. Jones*, 860 F.App'x 322, 324 (5th Cir. 2021)).

[33] *See* R. Doc. 18.

[34] Fed. R. Civ. P. 6(d).

7

Rule 6(d) applied to this matter, Orgeron had until April 9, 2026 to file his objections. Orgeron failed to meet that deadline as well.

As a final point, this Court could have issued a judgment adopting the R&R on April 7, 2026 – the day after Orgeron's objections were due. Instead, the Court waited fifteen days after the deadline expired, or until April 21, 2026, to issue its Order adopting the R&R. The Fifth Circuit has held that if a *pro se* incarcerated prisoner "failed to file his objections in a timely fashion, the district court may disregard those objections and reinstate its prior judgment."[35] Accordingly, the Court declines to reconsider its prior ruling in light of Orgeron's untimely objections. Additionally, the Court has previously denied a Certificate of Appealability.[36] Orgeron's Request for Certificate of Appealability raises no additional arguments that warrant the Court to reconsider its denial of the Certificate of Appealability.[37]

## IV.    CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Orgeron's Motion to Reconsider Order Dismissing Petitioner's Habeas Corpus Petition[38] is **DENIED.**

---

[35] *Thompson v. Rasberry*, 993 F.2d 513, 516 (5th Cir. 1993).
[36] R. Doc. 17.
[37] *See* R. Doc. 20. Moreover, and importantly, even upon a *de novo* review of the untimely objected-to portions of the Magistrate Judge's R&R, the Court finds no reason to reconsider its adoption of the R&R in its entirety.
[38] R. Doc. 19.

**IT IS FURTHER ORDERED** that Orgeron's Request for Certificate of Appealability is **DENIED.**[39]

New Orleans, Louisiana, May 26, 2026.

**WENDY B. VITTER**
**United States District Judge**

---

[39] R. Doc. 20.